[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16633
Non-Argument Calendar

_____

BIA No. A95-895-628

FELIPE RAMIREZ RODRIGUEZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 3, 2007)**

Before ANDERSON, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Felipe Ramirez Rodriguez, a native and citizen of Colombia, appeals the Board of Immigration Appeals's (BIA) denial of his motion to reopen his removal proceedings to consider new evidence.[1]

Rodriguez applied for withholding of removal under the Immigration and Nationality Act (INA) and for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT).[2] Rodriguez alleged in his application that he had been or would be persecuted on account of his membership in a particular social group and on account of his political opinion.[3] Specifically, Rodriguez alleged the following. He belonged to Colombia's "elite, most wealthy, business owning class" and was a member of the

---

[1] On appeal, Rodriguez attempts to argue that the BIA's underlying denial of relief was erroneous. However, we lack jurisdiction to review the BIA's August 23, 2006, denial of relief, because Rodriguez's instant petition for review—filed on December 26, 2006—was untimely as to that order. See 8 U.S.C. § 1252(a)(1) and (b)(1) (stating that a petitioner has 30 days from the date of the final order of removal to file his petition for review of that order); see also Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004) (holding that §1252's 30-day deadline is "mandatory and jurisdictional" and "is not suspended or tolled by" the filing of a motion to reopen).

[2] Rodriguez also applied for asylum under the INA. The Immigration Judge and the BIA, however, concluded that Rodriguez's asylum application was untimely and, therefore, pretermitted. On appeal, Rodriguez concedes that his asylum application was untimely. Moreover, Rodriguez did not submit any evidence concerning his untimeliness along with his motion to reopen. Accordingly, we limit our review to Rodriguez's requests for withholding of removal and CAT relief.

[3] The government argues on appeal that Rodriguez did not apply for CAT relief before the IJ or BIA and, therefore, has not exhausted his administrative remedies. The record demonstrates, however, that the IJ interpreted Rodriguez's application as one requesting asylum, withholding of removal, and CAT relief.

2

Liberal Party of Colombia. The Revolutionary Armed Forces of Colombia (FARC) briefly kidnapped and tried to recruit him, in an effort to force him to gather and provide information on other wealthy citizens. Rodriguez refused to cooperate and ultimately fled to the United States. The FARC interpreted his refusal as political opposition. As a result, Rodriguez and his family received daily threatening telephone calls, and the FARC attempted to kill Rodriguez. These events occurred between 1995 and 1997.

In 2002, Rodriguez submitted an application for removal to the former Immigration and Naturalization Service (INS).[4] The IJ denied Rodriguez's application, concluding that Rodriguez had not demonstrated a likelihood of future persecution on account of a statutorily enumerated ground or a likelihood of future torture. In August 2006, the BIA adopted and affirmed the IJ's decision denying Rodriguez's removal application. The BIA also determined that Rodriguez had not demonstrated that the FARC "[had] a current interest in [him]." Rodriguez did not seek judicial review of the BIA's decision affirming the IJ's denial.

Rodriguez instead moved the BIA in October 2006 to reopen his removal proceedings. Rodriguez argued that his removal proceedings should be reopened because he had produced new evidence and new facts to support the allegations in

---

[4] The INS disbanded on March 1, 2003, and its functions were transferred to the Department of Homeland Security.

his application. Specifically, he said that certain close family members had fled Colombia on account of "the same persecution" suffered by Rodriguez and had obtained asylum in the United States on account of "the same or comparable set of facts" alleged by Rodriguez. In conjunction with his motion to reopen the proceedings, Rodriguez also submitted a letter from his father asserting that his father had received threatening telephone calls in July and August 2006 from people who identified themselves as members of the FARC, asked the whereabouts of Rodriguez, and warned that Rodriguez would be killed for deserting Colombia.

The BIA denied Rodriguez's motion to reopen the proceedings. According to the BIA, Rodriguez was unable to show that the relief afforded to his family members (their grant of asylum) was a fact that was previously unavailable or was a fact that was material to his application for relief. Moreover, Rodriguez had not shown that his father's letter would have altered the outcome of the removal proceedings.

We review the denial of a motion to reopen for an abuse of discretion. Anin v. Reno, 188 F.3d 1273, 1276 (11th Cir. 1999). Our review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

An alien may move the BIA to reopen a prior removal order based on new evidence. See 8 C.F.R. § 1003.2(a) and (c)(1); see also 8 U.S.C. § 1229a(c)(7)(C)(ii); INA § 240(c)(7)(C)(ii). In his motion to reopen, the alien "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). The BIA may grant the alien's motion if the proposed new evidence "is material and was not available and could not have been discovered or presented at the former hearing." Id. An alien who attempts to show that evidence is material "bears a 'heavy burden,' and must 'present[] evidence of such a nature that the [BIA] is satisfied that if proceedings before the [IJ] were reopened, with all attendant delays, the new evidence offered would likely change the result in the case.'" Ali v. U.S. Att'y Gen., 443 F.3d 804, 813 (11th Cir. 2006) (holding that the BIA did not err in putting the burden of proof to demonstrate grounds for granting a motion to reopen on the alien).

To be eligible for withholding of removal, an alien must show that it is "more likely than not" that his life or freedom would be threatened on account of a protected ground if he returned to his country. Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006) (citing 8 U.S.C. § 1231(b)(3)(A)).

The two protected grounds implicated in Rodriguez's application for removal of withholding are (1) membership in a particular social group and

5

(2) political opinion. Regarding the first protected ground, members of a particular social group are limited to those persons who "share a common, immutable characteristic," or one "that the members of the group either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." Matter of Acosta, 19 I & N Dec. 211, 233 (BIA 1985), overruled on other grounds by Matter of Mogharrabi, 19 I & N Dec. 439 (BIA 1987); see also Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1196 (11th Cir. 2006), cert. denied, 127 S.Ct. 977 (2007) (holding that we will defer to the BIA's definition of this ground).

Regarding the second protected ground, the Supreme Court has held that the alleged persecution must be on account of the "victim's political opinion, not the persecutor's." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 482-83, 112 S.Ct. 812, 816, 117 L.Ed.2d 38 (1992). With respect to alleged persecution by guerillas based on an alien's political opinion, we have held that "[i]t is not enough to show that [the alien] was or will be persecuted or tortured due to her refusal to cooperate with the guerillas." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004). Rather, the alien must show that the FARC persecuted the alien while knowing that the alien's refusal to cooperate was because of the alien's political beliefs, rather than mere fear, etc. See Rivera v. U.S. Att'y Gen., 487 F.3d 815, 822 (11th Cir. 2007).

6

To be eligible for CAT relief, the alien must establish that it is more likely than not that he would be tortured if returned to his country. 8 C.F.R. § 208.16(c)(2); Reyes-Sanchez v. U.S. Att'y Gen., 369 F.3d 1239, 1242 (11th Cir. 2004). The CAT defines "torture" as:

> any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). The alien need not show, however, that the torture was on account of a protected ground. See id.

After carefully reviewing the record, we hold that the BIA did not abuse its discretion in denying Rodriguez's motion to reopen. See Anin, 188 F.3d at 1276. Rodriguez failed to demonstrate that any of the evidence offered in support of his motion was material to his request for withholding of removal or for CAT relief. See 8 C.F.R. § 1003.2(c)(1). Specifically, Rodriguez did not explain the specific grounds of his family members' applications for relief or the IJ's or BIA's reasoning in granting these applications, such that this evidence sheds no light on the instant proceedings. See Tan, 446 F.3d at 1375. Also, although Rodriguez's father's letter showed that the FARC maintained a then-current interest in

Rodriguez, it did not show that the FARC's interest had anything to do with a protected ground or that any member of the Colombian government instigated or consented to the FARC's actions. See 8 C.F.R. § 208.18(a)(1); Tan, 446 F.3d at 1375.

Accordingly, because Rodriguez failed to provide any evidence that "would likely change the result in the case," the BIA did not arbitrarily or capriciously deny the motion, but rather had no grounds on which to grant the motion. See Ali, 443 F.3d at 813; Garcia-Mir, 766 F.2d at 1490. Therefore, we deny Rodriguez's petition for review.

**PETITION DENIED.**